# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS GAETA, | : | |
| | : | 1:15-cv-00797 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| TROOPER MICHAEL THOMAS, | : | |
| PENNSYLVANIA STATE POLICE | : | |
| CORPORAL ROBERT LOMBARDO, and | : | |
| TROOPER MATTHEW JONES, | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM</u>

## March 29, 2018

Presently pending before the Court is Defendants' motion for summary judgment. (the "Motion") (Doc. 48). Plaintiff Thomas Gaeta brings this 42 U.S.C. § 1983 action against Defendants Pennsylvania State Troopers Michael Thomas and Matthew Jones, and Pennsylvania State Police Corporal Robert Lombardo. (Docs. 30, 34). Defendants filed the instant Motion on January 2, 2018 (Doc. 48) and a brief in support on January 16, 2018. (Doc. 55). Plaintiff filed a brief in opposition on March 19, 2018. (Doc. 60). Though the time for filing a brief in reply has not yet passed, the Court is prepared to dispose of the Motion without additional argument from Defendants. For the reasons that follow, the Motion shall be granted and summary judgment entered in favor of Defendants.

1

## I. BACKGROUND

The material facts in this matter are not in dispute. On August 22, 2014, at approximately 2:30 a.m., Troopers Michael Thomas ("Thomas") and Matthew Jones ("Jones") initiated a traffic stop of a Dodge Caravan Sport van operated by Plaintiff due to a non-working headlight. (Doc. 49, ¶ 1). Plaintiff stated that the van belonged to his girlfriend. (*Id*. at ¶ 8). Plaintiff testified that he told the troopers that he was coming from a friend's house, though Plaintiff was actually coming from a hotel called the Budget Inn. (*Id*. at ¶¶ 2-3). Plaintiff said that he was at the hotel with a friend named "Black" and two females, but does not know their first and last names. (*Id*. at ¶ 5). He has an outstanding warrant for his arrest in Florida for illegal drugs, though this warrant dates back to 1992. (*Id*. at ¶ 6).

The troopers asked Plaintiff to take a field sobriety test for suspicion of driving under the influence because he appeared jittery. (*Id*. at ¶ 9). Plaintiff told the troopers that he had taken caffeine pills called "Stackers" to stay awake while he was driving late. (*Id*. at ¶ 10). Plaintiff then consented verbally and in writing to a search of the van. (*Id*. at ¶ 11). He indicated to the troopers that there was a bag of money in the van, and Thomas and Jones found it. (*Id*. at ¶ 12). There was no receipt in the bag or any other documentation to prove the source or purpose of the money in the van. (*Id*. at ¶ 13). Thomas and Jones told Plaintiff that the money

would be detained and that he should present documentation reflecting the money's source to retrieve it. (*Id*. at ¶ 14).

Plaintiff indeed provided documentation to prove the source of the money; on December 16, 2015, following a civil forfeiture hearing, Plaintiff's $29,200 was ordered returned. (*Id*. at ¶ 17). Plaintiff was not charged with a crime in connection with the August 22, 2014 stop. (*Id*. at ¶ 15). Additionally, Defendant Lombardo did not arrive on the scene of the stop until the decision to detain the money had already been made. (*Id*. at ¶ 22).

Plaintiff initiated this action by filing a complaint on April 23, 2015. (Doc. 1). On February 2, 2016, we dismissed Plaintiff's Fourteenth Amendment claim in Count I, with leave to amend, as well as his claims in Counts II, II, and IV, with prejudice. (Doc. 29). We terminated as Defendants the Commonwealth of Pennsylvania, the Pennsylvania State Police, and Frank Noonan. (*Id*.). On March 3, 2016, Plaintiff filed an amended complaint bringing just one count pursuant to 42 U.S.C. § 1983 alleging a violation of his rights under the Fourth Amendment to the United States Constitution. (Doc. 30). On December 5, 2016, the parties filed a stipulation to add defendants and amend the caption to reflect the names of the specific troopers involved in the incident. (Doc. 34).

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the governing law. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a genuine dispute for trial. *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or

that an adverse party cannot produce admissible evidence to support the fact." FED. R. Civ. P. 56(c)(1).

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Layshock ex rel. Layshock v. Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (internal quotation marks omitted).

## III. DISCUSSION

In the amended complaint, Plaintiff brings just one count against all Defendants pursuant to 42 U.S.C. § 1983, alleging that the seizure of his money violated his rights under the Fourth Amendment to the United States Constitution. While Defendants move for summary judgment on three bases, we need only consider their first argument to conclude that the Motion must be granted. Defendants argue that the seizure of Plaintiff's money was constitutional because it was supported by probable cause.

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "It must always be remembered that what the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures." *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005) (quoting *Elkins v. United States*, 364 U.S. 206, 222 (1960)). To determine whether the seizure of Plaintiff's money was reasonable under the Fourth Amendment, we look to whether there was probable cause for the Defendants to believe that the seizure was subject to forfeiture by state statute. *United States v. Berry*, 2002 WL 818872, at *3 (E.D. Pa. Apr. 29, 2002), aff'd, 132 F. App'x 957 (3d Cir. 2005) (citing *United States v. Salmon*, 944 F.2d 1106, 1119 (3d Cir.1991)).[1] In *Florida v. White*, the Supreme Court held that the Fourth Amendment does not require "the police to obtain a warrant before seizing an automobile from a public place when they have probable cause to believe that it is forfeitable contraband." 526 U.S. 559, 561 (1999).

Though Plaintiff's amended complaint alleges only that the seizure of his funds deprived him of his rights under the Fourth Amendment, surprisingly, Plaintiff's brief in opposition focuses its Fourth Amendment argument on the legality of the traffic stop itself. (Doc. 60, pp. 4-6). Plaintiff first outlines the three

---

[1] *Salmon* was abrogated on grounds not relevant here by *United States v. Caraballo-Rodriguez*, 726 F.3d 418 (3d Cir. 2013).

reasons that the troopers give for stopping him that night – the equipment violation, the timing of the stop, and that Plaintiff was leaving a hotel that the troopers associated as a "hot spot" for drug activity. (*Id.* at p. 4). According to Plaintiff, "if the Commonwealth cannot show the initial stop is supported by the above three 'facts' then an unlawful stop and subsequent seizure has occurred." (*Id.*). Plaintiff argues that "the Commonwealth's stop of Thomas cannot be considered lawful under the reasonable suspicion standard." (*Id.* at p. 7). Yet, on the previous page, Plaintiff concedes that "[a]s Thomas was driving a car without proper equipment a stop under those circumstances may have been reasonable." (*Id.* at p. 6).

The constitutionality of routine traffic stops is clear, and we have no trouble holding that the troopers did not violate the Fourth Amendment when it stopped Plaintiff due to his non-working headlight. *United States v. Mosley*, 454 F.3d 249, 252 (3d Cir.2006) ("[A]ny technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime."). Not only has Plaintiff admitted he was driving a van with an equipment violation because it had a non-working headlight, but he also concedes that he consented to the subsequent search of the vehicle verbally and in writing. (Doc. 49, ¶¶ 1, 11). Thus, the only seizure at issue – and indeed, the only seizure alleged to be unlawful in the amended complaint – is the seizure of his money. Plaintiff provides no

argument in his brief in opposition that the seizure of the money was unlawful, and cites to no authority concerning the standard for seizing money or determining whether the seizure violated the Fourth Amendment.

Conversely, Defendants point to the Pennsylvania Controlled Substances Forfeiture Act that was in effect at the time of the incident. (the "Forfeiture Act") 42 Pa. Const. Stat. Ann. §§ 6801, 6801. The Forfeiture Act provides that certain real and personal property may be seized without process where "there is probable cause to believe that the property has been used or is intended to be used in violation of The Controlled Substance, Drug, Device, and Cosmetic Act." *Id*. § 6801. Defendants argue that Thomas and Jones had probable cause to believe that the money found in Plaintiff's van had been or would be used in connection with illegal drug activity and, and that the seizure therefore did not violate the Fourth Amendment.

"The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). While Plaintiff's money was ultimately ordered returned to him because the Government could not prove by a preponderance of the evidence that it was subject to forfeiture, the Supreme Court clarified in *Illinois v. Gates* that "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the

8

evidence, useful in formal trials, have no place in the [probable-cause] decision." 462 U.S. 213, 235 (1983). Instead, in the present context, the relevant question is whether the facts and circumstances known to the Defendants at the time of the seizure, viewed in their totality, were sufficient to warrant a person of reasonable prudence and caution to believe that the money was subject to forfeiture. *Dumbra v. United States*, 268 U.S. 435, 439 (1925). Though the existence of probable cause is normally a fact question for the jury, "a district court may conclude that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding, and may enter summary judgment accordingly." *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (internal quotation omitted).

Defendants argue that the facts known to the troopers at the time of the seizure gave them probable cause to believe that the money would be subject to forfeiture. (Doc. 55, pp. 7-9). The following facts are particularly relevant to determining whether the troopers had probable cause: (1) Plaintiff told the troopers inconsistent information about where he was coming from; (2) Plaintiff could not, and still cannot, identify by name the individuals he was with that night; (3) Plaintiff was leaving the hotel very late, at approximately 2:30 a.m..; (4) the troopers believed the hotel that Plaintiff came from was a hot-spot for drug activity; (5) Plaintiff appeared nervous and jittery; (6) Plaintiff had a bag of nearly

9

thirty thousand dollars in cash on his person without any supporting documentation; (7) Plaintiff had an outstanding warrant for drug charges; and (8) Plaintiff did not own the vehicle he was driving. (Doc. 55, pp. 7-9). Though Plaintiff gave a reason for his nervous demeanor and ultimately was able to provide legitimate documentation for the source of the money, we examine the Defendants' conduct in light of the information available to them at the time of their actions. *Maryland v. Garrison*, 480 U.S. 79, 85 (1987).

We hold that these facts were sufficient to give the troopers probable cause at the time of the seizure to believe that the funds either derived from or would be used in connection with illegal drug activity, and thus would be subject to forfeiture. Though normally a fact question for the jury, we conclude that no rational trier of fact considering the evidence before us could come to a different conclusion. We therefore find that Defendants did not violate Plaintiff's rights under the Fourth Amendment, and will award summary judgment in their favor.

## IV. CONCLUSION

For the foregoing reasons, the Motion shall be granted. A separate order shall issue in accordance with this memorandum.